ROBERT S. BLUMBERG (SBN: 161649)
LITTLER MENDELSON
A Professional Corporation
2049 Century Park East, 5th Floor
Los Angeles, CA 90067
Telephone: 310.553.0308
Facsimile: 310.553.5583
E-mail: RBlumberg@littler.com

Attorneys for Defendant
MVM, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERRY HOLLIDAY,<br><br>            Plaintiff,<br><br>v.<br><br>MVM, INC.,<br><br>            Defendant. | Case No.  CV 08-07924 R (AJWx)<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendant MVM, Inc., by counsel, hereby submits this Answer to the Complaint filed by Plaintiff in the above-captioned matter.

GENERAL ALLEGATIONS

1. The allegations contained in paragraph 1 of the Complaint constitute conclusions of law, to which no response is required, but if a response is required, MVM denies them.

JURISDICTION AND VENUE

2. The allegations contained in paragraph 2 of the Complaint constitute conclusions of law, to which no response is required, but if a response is required, MVM denies them.

3. The allegations contained in paragraph 3 of the Complaint

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
1150 17th Street N.W.
Suite 900
Washington, DC 20036
202.842.3400

constitute conclusions of law, to which no response is required, but if a response is required, MVM denies them.

## THE PARTIES

4. MVM admits that Plaintiff was employed full-time by MVM as a Detention Officer from September 24, 2002 to December 31, 2007 at the United States Department of Homeland Security, Bureau of Immigration and Customs Enforcement, San Pedro Processing Center in Los Angeles, California. MVM denies the remaining allegations contained in paragraph 4 of the Complaint.

5. The allegations contained in paragraph 5 of the Complaint constitute conclusions of law, to which no response is required, but if a response is required, MVM denies them.

6. MVM admits that it had the contract described in paragraph 6 of the Complaint, but avers that it no longer has the contract, and that its contract ended effective December 31, 2007.

7. The allegations contained in paragraph 7 of the Complaint constitute conclusions of law, to which no response is required, but if a response is required, MVM denies them.

## CLASS ACTION ALLEGATIONS

8. MVM admits that Plaintiff purports to bring this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. MVM admits that Plaintiff purports to seek to represent the "class" described in paragraph 8 of the Complaint. MVM denies the remaining allegations contained in paragraph 8 of the Complaint.

9. The allegations contained in the first sentence of paragraph 9 of the Complaint constitute conclusions of law, to which no response is required, but if a response is required, MVM denies them. MVM admits that it has the identity of the individuals it formerly employed at the San Pedro Processing Center. MVM denies the remaining allegations contained in paragraph 9 of the Complaint.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
1150 17th Street N.W.
Suite 900
Washington, DC 20036
202.842.3400

10. MVM admits that it has information as to the number and last known addresses of the individuals it formerly employed at the San Pedro Processing Center. MVM denies the remaining allegations contained in paragraph 10 of the Complaint.

11. The allegations contained in paragraph 11 of the Complaint constitute conclusions of law, to which no response is required, but if a response is required, MVM denies them.

12. The allegations contained in the first sentence of paragraph 12 of the Complaint constitute conclusions of law, to which no response is required, but if a response is required, MVM denies them. MVM denies the allegations contained in the second sentence of paragraph 12 of the Complaint.

13. The allegations contained in the first sentence of paragraph 13 of the Complaint constitute conclusions of law, to which no response is required, but if a response is required, MVM denies them. MVM is without knowledge or information sufficient to admit or deny the truth of the allegations contained in the second sentence of paragraph 13 of the Complaint, and therefore denies them.

14. MVM denies the allegations contained in the first and third sentences of paragraph 14 of the Complaint. The allegations contained in the second sentence of paragraph 14 of the Complaint constitute conclusions of law, to which no response is required, but if a response is required, MVM denies them.

15. MVM is without knowledge or information sufficient to admit or deny the truth of the allegations contained in paragraph 15 of the Complaint, and therefore denies them.

16. MVM admits that it employed approximately 170 individuals at the San Pedro Processing Center. MVM denies the remaining allegations contained in paragraph 16 of the Complaint.

17. MVM is without knowledge or information sufficient to admit or deny the truth of the allegations contained in paragraph 17 of the Complaint, and

LITTLER MENDELSON
A Professional Corporation
1150 17th Street N.W.
Suite 900
Washington, DC 20036
202.842.3400

3.

therefore denies them.

FIRST CLAIM FOR RELIEF

18. MVM incorporates herein by reference its responses to paragraphs 1 through 17 of the Complaint.

19. MVM admits the allegations contained in paragraph 19 of the Complaint.

20. MVM admits the allegations contained in paragraph 20 of the Complaint.

21. MVM admits the allegations contained in the first and second sentences of paragraph 21 of the Complaint. MVM admits that Randy Brown, National President of ACE/SPADE, Manuel Ruelas, and Larry Lindberg were present during the October 22, 2007 telephone conference on behalf of ACE/SPADE Local 1. MVM denies that Mr. Ruelas and Mr. Lindberg are Plaintiffs in this case. MVM denies the remaining allegations contained in paragraph 21 of the Complaint.

22. MVM admits that representatives of MVM and ACE/SPADE Local 1 met on October 24, 2007. MVM admits that ACE/SPADE Local 1 was represented at the October 24, 2007 meeting by Mr. Ruelas, Mr. Lindberg, Nick Granado, and Janet Brogdon. MVM denies that Mr. Ruelas and Mr. Lindberg are Plaintiffs in this case. MVM admits the allegations contained in the second and fourth sentences of paragraph 22 of the Complaint. MVM denies the remaining allegations contained in paragraph 22 of the Complaint.

23. Upon information and belief, MVM admits the allegations contained in paragraph 23 of the Complaint.

24. MVM denies that any email is attached to the Complaint, and therefore is without knowledge or information sufficient to admit or deny the truth of the allegations contained in the second sentence of paragraph 24 of the Complaint, and therefore denies them. MVM admits the allegations contained in the first sentence of paragraph 24 of the Complaint.

LITTLER MENDELSON
A Professional Corporation
1150 17th Street N.W.
Suite 900
Washington, DC 20036
202.842.3400

25. MVM admits the allegations contained in paragraph 25 of the Complaint.

26. MVM admits the allegations contained in paragraph 26 of the Complaint.

27. The allegations contained in paragraph 27 of the Complaint constitute conclusions of law, to which no response is required, but if a response is required, MVM denies them.

28. MVM denies the allegations contained in paragraph 28 of the Complaint.

29. MVM denies the allegations contained in paragraph 29 of the Complaint.

### SECOND CLAIM FOR RELIEF

30. MVM incorporates herein by reference its responses to paragraphs 1 through 29 of the Complaint.

31. MVM denies the allegations contained in paragraph 31 of the Complaint.

32. MVM denies the allegations contained in paragraph 32 of the Complaint.

33. MVM denies the allegations contained in paragraph 33 of the Complaint.

WHEREFORE, MVM denies that Plaintiff is entitled to any of the damages he seeks in the Complaint.

### **AFFIRMATIVE DEFENSES**

### **FIRST AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief could be granted.

### **SECOND AFFIRMATIVE DEFENSE**

The WARN Act did not apply to the closing of the San Pedro Processing

LITTLER MENDELSON
A Professional Corporation
1150 17th Street N.W.
Suite 900
Washington, DC 20036
202.842.3400

5.

Center because the government ordered the closing.

### THIRD AFFIRMATIVE DEFENSE

If the closing of the San Pedro Processing Center was a WARN-covered event, it was a plant closing.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent they exceed the applicable statute of limitations period.

### FIFTH AFFIRMATIVE DEFENSE

MVM complied with all applicable statutes, and provided lawful, timely and appropriate notice to Plaintiff and all required individuals and entities.

### SIXTH AFFIRMATIVE DEFENSE

MVM was subject to unforeseeable business circumstances and was therefore authorized to provide reduced notice to affected employees pursuant to 29 U.S.C. § 2102(b)(2)(A), and did provide such notice to all affected employees.

### SEVENTH AFFIRMATIVE DEFENSE

MVM acted reasonably in regard to Plaintiff and others, and reasonably relied upon information available to it.

### EIGHTH AFFIRMATIVE DEFENSE

MVM did not mislead Plaintiff or others in any way.

### NINTH AFFIRMATIVE DEFENSE

If MVM violated the WARN Act (which it specifically denies), the act or omission that violated the WARN Act was done in good faith and MVM had reasonable grounds for believing that the act or omission was not a violation. Accordingly, if MVM is found to have violated the WARN Act, the Court should reduce or eliminate the amount of otherwise applicable liability pursuant to 29 U.S.C. § 2104(a)(4).

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's recovery, if any, is barred because he failed to mitigate his

6.

damages.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff has not suffered any damages.

## TWELFTH AFFIRMATIVE DEFENSE

Any liability MVM allegedly may incur under the WARN Act must be reduced by wages paid by MVM for the period of the violation and by payments made by MVM to a third party (such as premiums for health benefits) on behalf of Plaintiff for the period of the violation pursuant to 29 U.S.C. § 2104(a)(2).

## THIRTEENTH AFFIRMATIVE DEFENSE

All actions taken by MVM with respect to Plaintiff were lawful, proper, reasonable, and appropriate.

## FOURTEENTH AFFIRMATIVE DEFENSE

MVM reserves the right to raise additional defenses, which may arise during discovery in this action.

WHEREFORE, MVM prays for judgment against Plaintiff as follows:

A.  For an Order dismissing Plaintiff's Complaint with prejudice and entering judgment in favor of MVM, Inc. and against Plaintiff;

B.  For all costs, disbursements, and reasonable attorneys' fees incurred by MVM, Inc. in defending this matter; and

C.  For any other relief that the Court deems just and proper.

Respectfully submitted,

Dated:  December 29, 2008

ROBERT S. BLUMBERG
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant MVM, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of December, 2008, a true and correct copy of Defendant's Answer to Plaintiff's Complaint was filed electronically via the Court's Electronic Case Filing (ECF) website. The filing is available for viewing and downloading at the ECF site and the following counsel were served as indicated this date:

Howard Z. Rosen, Esq.
Jason C. Marsili, Esq.
Posner & Rosen, LLP
3600 Wilshire Blvd., Suite 1800
Los Angeles, CA 90010

Counsel for Plaintiff (served electronically)

_____
Colleen Reid-Rose

Firmwide:87762560.1 028330.1000

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
1150 17th Street N.W.
Suite 900
Washington, DC 20036
202.842.3400

8.